**Loretta M. HAZELWOOD, Appellant,**

v.

**Atmur B. STOKES and Fred Allen Tapp, d/b/a Tapp Funeral Home, Appellees.**

Court of Appeals of Kentucky.

Feb. 4, 1972.

As Modified on Denial of Rehearing June 23, 1972.

Jerry W. Nall, Nall & Stephens, Owensboro, for appellant.

Thomas L. Withers, Mitchell, Withers, Neel & Hoffman, Henderson, for appellees.

ROBERT H. HELTON, Jr., Special Commissioner.

Loretta M. Hazelwood, widow of Thomas Henry Hazelwood, brought this action against Atmur B. Stokes and Fred Allen Tapp, d/b/a Tapp Funeral Home, to recover damages for mental anguish which she claims to have suffered as the result of an alleged wrongful post-mortem examination of the dead body of her husband made at the request and direction of Stokes while acting in the course and scope of his authority as the agent, servant, and employee of Tapp. At the time of the alleged wrong, Tapp was Coroner and Stokes was Deputy Coroner of Henderson County. From a summary judgment dismissing her complaint, Mrs. Hazelwood appeals.

On March 30, 1968, appellant's husband was injured in a two-car collision on a public highway in Henderson County. He was taken immediately to a hospital in the

City of Henderson where he was treated by a physician until his death about two hours later. Funeral arrangements were made by Mrs. Hazelwood pursuant to which the body of her husband was taken to the Paul B. Moss Funeral Home in Henderson to be embalmed and prepared for burial. Immediately before the embalming process was commenced, an embalmer in the employ of the Moss Funeral Home withdrew a sample of blood from the deceased's body and had it delivered to the coroner's office. The vial containing the blood sample was subsequently sent to the Kentucky State Police at Frankfort for laboratory analysis of the sample to determine its alcoholic content. All of this was done without the authority, consent, and knowledge of the appellant. The embalmer testified that he withdrew the blood sample from the body of appellant's husband and caused the sample to be delivered to the coroner's office pursuant to the specific request of Stokes, the Deputy Coroner. Stokes testified that he made no such request. However, the evidence establishes that such examination was not requested by police authorities, nor was such examination requested by any other responsible citizen.

In granting summary judgment dismissing appellant's complaint, the trial court apparently concluded that the act of Stokes in causing a blood sample to be withdrawn from the dead body of appellant's husband for the purpose of analysis to determine its alcoholic content, if he did so, was within the authority conferred upon coroners by statute. Appellant contends that the circumstances surrounding the death of her husband failed to suggest foul play or to otherwise create criminal suspicion and that Stokes, therefore, had no authority to cause

a post-mortem examination to be made. She further contends that the examination was wrongful because it was performed by a person other than a physician or surgeon. Appellees contend that Stokes not only acted properly and within his authority under the circumstances, but also that he had a statutory duty as deputy coroner to cause the examination complained of to be made. In addition, the appellees contend that this suit is actually an action for the invasion of a right of privacy which right died with the decedent.

■ The rule is firmly established in this state that a surviving widow, in the absence of a different disposition by will, has the right to possession of the dead body of her husband, which the law will recognize and protect from unlawful invasion by awarding damages for injury to her sensibilities and feelings resulting from any wrongful mishandling of the corpse. Streipe v. Liberty Mutual Ins. Co., 243 Ky. 15, 47 S.W.2d 1004; Meyers v. Clarke, 122 Ky. 866, 90 S.W. 1049, 28 Ky.Law Rep. 1000; Meyers v. Duddenhauser, 122 Ky. 866, 93 S.W. 43, 29 Ky.Law Rep. 393.

■ The only claim for damage is for mental anguish. However, here the taking of the blood sample preceded by a matter of minutes the complete draining of the body incident to embalming. We do not believe this could in any way offend the sensibilities of any normal person. Therefore, there was no injury for which damages could be awarded.

Judgment affirmed.

All concur, except Palmore, J., who was not sitting.